## BERNHARD *vs.* STATE.

SIMPLE LARCENY, FROM CLAYTON.  Criminal Law.  Verdict.  Charge of Court. New Trial.  (Before Judge Hammond.)

Jackson, C. J.—1.  Although several were jointly indicted, yet where one was put upon his trial separately, a verdict finding the defendant guilty, meant the defendant on trial; and a motion in arrest of judgment on the ground that the verdict was insufficient, was properly overruled.  55 Ga., 599.

2.  The verdict is supported by the evidence, and is not contrary to law.

3.  The court need not charge written requests, when in the general charge, the law of the case and all the law applicable and necessary has been given to the jury.

4.  There was no error in the charge to the effect that, if a witness sworn in the case is an accomplice, his testimony, without more, can not convict; but, if the jury believe from the evidence that the witness was not an accomplice, then his evidence alone may convict; and this would be true, though he were charged in the indictment with the

crime, and his own testimony showed he was not an accomplice, and no other witness testified on the point, and although he was present, if that presence was constrained, or he was enticed to be there by a false claim of defendant and another to property in the cotton and an anticipated lawsuit about it.

5. Where the cotton was alleged to belong to a man whose first initial was I., and the proof showed it was J., or *vice versa*, there was no error in instructing the jury that if the initial was written wrong by mistake in the indictment, the proof of ownership in the person bearing the true name would be sufficient. The I and J are often exactly alike in writing.

6. There was no error in refusing to charge, " while drunkenness is not an excuse for crime, yet if you believe from the evidence that the defendant was drunk at the time of the alleged offense, then you may look to this as a circumstance going to show any intention on his part to commit an offense." This request is confused ; if it means that drunkenness may be shown to show no intention to commit an offense, it does not so state ; there was no evidence that the defendant was drunk, and if one steals while drunk, he is as guilty as if he were sober. Code, §4301.

Judgment affirmed.

J. T. Spence; C. W. Hodnett; Harrison & Peeples, for plaintiff in error.

C. D. Hill, solicitor general, for the State.